IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                              CIVIL NO. 99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SANDIA DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Sandia Defendants' Motion to Dismiss [Doc. 21].[1] Defendants' certificate of mailing indicates service on Plaintiff William H. Payne ("Payne") on May 28, 1999. A response in opposition was due no later than June 14, 1999. No response was filed within the time permitted by law. Subsequently, however, Payne filed a motion requesting an additional 90 days within which to respond [Doc. 39]. The Court granted in part and denied in party Payne's motion. The Court rejected Payne's request for 90 days, but granted a reasonable extension until July 6, 1999. [Doc. 43]. Notwithstanding the extension, Payne failed to respond to the motion

---

[1] The specific Defendants filing this motion are as follows: Sandia Laboratories (whose correct name is Sandia Corporation), C. Paul Robinson, Michael G. Robles, Linda Vigil Lopez, G. H. Libman, D.B. Davis, W.R. Geer, J.D. Giachino. A.M. Torneby, C.W. Childers, S. Miyoshi, M.B. Courtney, R.L. Ewing, R.B. Craner, J.J. McAuliffe, J.D. Martin, R.C. Bonner, American Telephone and Telegraph Corporation and Lockheed Martin Corporation (collectively the "Sandia Defendants").

within the extended time to act.[2] The failure to file a response to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). Accordingly, the Court determines that Payne consents to the dismissal of this lawsuit. While Payne's failure to respond constitutes consent to the dismissal, the Court will, nonetheless, review the motion on the merits, and for the additional grounds stated, grant Sandia Defendants' motion.

**Analysis**

Payne's complaint is for alleged violations under the Privacy Act of 1974, 5 U.S.C. § 552(a). In construing this Act, the Tenth Circuit stated that the Act's purpose was "[t]o protect the privacy of individuals identified in information systems maintained by federal agencies by preventing the misuse of that information." Thomas v. U.S. Department of Energy, 719 F.2d 342, 346-47 (10th Cir. 1983). The Act is directed at federal agencies. Miller v. United States, 630 F. Supp. 347 (E.D. N.Y. 1986). An "agency" under the Act means the government of the United States. 5 U.S.C. §§ 552(a)(1), 552(f) and 551(1).

Here, Payne attempts to state a cause of action under the Privacy Act against numerous individuals. This is impermissible as a matter of law. Parks v. U.S. Internal Revenue Service, 618 F.2d 677, 684 (1980)(individual officers or employees of an agency are not within the scope of the civil remedies provided for in the Privacy Act). There exists no private civil remedy under the Privacy Act for damage claims against individuals.

Similarly, there exists no civil remedy under the Privacy Act for a cause of action against a private corporation, even when the corporation works in conjunction with a federal agency or

---

[2] Rather than responding to the motions, on July 6, Payne filed a "Motion to Alter and Amend" the Court's order which granted him until July 6, 1999 to respond. The Court denied this request. [Doc. 49].

2

receives funding from the federal government. U.N.T. v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985) (private not-for-profit corporation doing business with the U.S. government is not an "agency" under the Privacy Act).

Payne seeks to assert claims against Sandia Corporation, American Telephone and Telegraph Corporation and Lockheed Martin Corporation. None of these are "agencies" as defined by the Privacy Act. Payne fails to state a claim under the Privacy Act, and, accordingly, the complaint, as to these Defendants, will be dismissed with prejudice.

_____<br>
Lorenzo F. Garcia<br>
United States Magistrate Judge