IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                                       CIVIL NO. 99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SANCTIONS

THIS MATTER is before the Court on Defendants' Motion for Sanctions [Doc. 23] pursuant to Fed. R. Civ. P. 11(c)(1)(A). This motion is filed by various Defendants.[1]

This motion was served on Plaintiff William H. Payne ("Payne") on May 28, 1999. No response was filed within the time permitted by law. Subsequently, however, Payne filed a motion requesting additional time within which to respond [Doc. 39]. The Court granted in part and denied in part Payne's motion. The Court rejected Payne's request for an extension of 90 days, but granted a reasonable extension until July 6, 1999 [Doc. 43].[2] Notwithstanding the extension, Payne failed to

---

[1] The specific Defendants filing this motion are as follows: Sandia Laboratories (whose correct name is Sandia Corporation), C. Paul Robinson, Michael G. Robles, Linda Vigil Lopez, G. H. Libman, D.B. Davis, W.R. Geer, J.D. Giachino. A.M. Torneby, C.W. Childers, S. Miyoshi, M.B. Courtney, R.L. Ewing, R.B. Craner, J.J. McAuliffe, J.D. Martin, R.C. Bonner, American Telephone and Telegraph Corporation and Lockheed Martin Corporation (collectively the "Sandia Defendants").

[2] Rather than responding to the motion on July 6, Payne filed a "Motion to Alter and Amend" the Court's prior order which granted him an extension until July 6, 1999. The "Motion to Alter and Amend" was denied [Doc. 49].

respond. The failure to file a response to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). Accordingly, the Court determines that Payne consents to the grant of the motion. In addition to Payne's consent, the Court further reviews the motion on the merits.

## Analysis

On April 28, 1999, Sandia Defendants provided Payne with written notice that his pro se complaint sought to allege violations under the Privacy Act of 1974, 5 U.S.C. § 552(a). Defendants alerted Payne that the Privacy Act only allowed an individual to bring a civil action for violations against a non-complying "agency," and, further, provided Payne with the statutory definition of "agency," meaning "authority of the government of the United States." 5 U.S.C. §§ 552(a)(1), 552 (f) and 551(1).

Defendants alerted Payne to the fact that the Tenth Circuit has ruled that a civil action under the Privacy Act cannot be brought against an individual. Parks v. U.S. Internal Revenue Service, 618 F.2d 677, 684 (10th Cir. 1980)(individual officers or an employee of an agency are not within the scope of civil remedies provided for in the Privacy Act"). Furthermore, Defendants alerted Payne to the fact that a cause of action under the Privacy Act cannot be brought against private corporations, even when the corporations receive funding from the federal government. U.N.T. v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985)(private not-for-profit corporation doing business with the U.S. government is not an "agency" subject to suit under the Privacy Act).

Pursuant to the "safe harbor" provisions of Rule 11, Defendants advised Payne that he improperly brought suit against private corporations and private individuals who are not amenable to suit under the law, and afforded Payne an opportunity to withdraw his Privacy Act claim against those individuals. The "safe harbor" provision of Rule 11 allowed Payne to withdraw his challenged

paper, claim, contention or allegation within twenty-one days. Defendants advised Payne that unless he withdrew the claim, they would seek attorney fees and costs incurred in bringing a motion to dismiss.

Payne took no action in response to the April 28 notification to withdraw his claims, and in accord with the Rule 11, Defendants filed their motions for sanctions. Again, Payne took no action to respond to the motion even though an extension of time to respond was granted.[3]

Based on a review of Defendants' motion for sanctions, the Court determines that Payne's claim against these Defendants had no basis in law, and, therefore, by Payne's signing, filing and submitting this claim when it was not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law, his conduct constitutes a violation of Rule 11. Payne was afforded an opportunity to withdraw his frivolous claims, but he rejected the offer of a "safe harbor" by his inaction. Payne's actions are sanctionable. Rule 11 provides that a sanction imposed for violation of the Rules shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situate.

In this case, the Court determines that an appropriate sanction will be to award Defendants their attorney fees and costs incurred in bringing their motion to dismiss and their motion for sanctions. These motions would not have been necessary had Payne complied with his obligations under Rule 11. Therefore, it is appropriate to fully reimburse Defendants for their efforts in securing dismissal of an improperly filed claim and for vindicating their rights under Rule 11.

---

[3] By separate Memorandum and Order, the Court dismissed Payne's complaint against all "Sandia Defendants" [Doc. 51].

Defendants are required to submit an affidavit of costs and fees within ten days. Thereafter, Payne will have ten additional days within which to object to the costs and fees claimed. If no objections are received or, alternatively, if objections are received and overruled, the Court will enter an order awarding costs and fees as the Court deems appropriate.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge