IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                      CIVIL NO. 99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

## **MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS**

THIS MATTER is before the Court on a Motion to Dismiss [Doc. 59] pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5) filed by Defendants R.A. Poloncsz, C.A. Searls and E. Dunckel ("Movants"). Movants seek dismissal of the lawsuit against them because more than 120 days elapsed since the filing of the complaint and these defendants have not been properly served.

Movants' Motion to Dismiss was served on Plaintiff, William H. Payne ("Payne"), on August 2, 1999. Payne was required to respond to the motion by August 19, 1999. No response was filed nor did Payne seek or obtain any extension of time within which to act. The failure to file a response to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). The Court finds that Payne consents to the grant of the motion because he failed to oppose it. Accordingly, the motion will be granted.

Notwithstanding Payne's consent to the grant of the motion, the Court also reviews the motion on the merits. Rule 4 requires a plaintiff to serve a summons and complaint on a defendant within 120 days from the filing of the complaint. Despain v. Salt Lake Area Metro Gang Unit, 13

F.3d, 1436, 1437 (10th Cir. 1994). Payne was aware of this requirement. On April 28, 1999, Payne provided the Court with a copy of a letter he wrote to M. Robert Kestenbaum, General Counsel for Sandia Corporation.[1] By this letter, Payne sought to obtain mailing addresses for various individuals. The last sentence of his letter states, "I must, of course, comply with the 120 TIME LIMIT FOR SERVICE specified in Rule 4(m)."

The service of process burden falls on Plaintiff. Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475 (D. Kan. 1994). Here, Payne has not complied with his obligations under Rule 4, nor has he sought or obtained an extension of time from the Court within which to properly serve the Defendants. In the absence of proper service, a motion to dismiss for insufficiency of service is appropriate. Richardson v. Alliance Tire & Rubber Co.

The Court finds that Payne failed to effectuate proper service of process and has not established good cause for his failure to effectuate service. Accordingly, the Court grants Movants' motion and dismisses Payne's claims against them without prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] Sandia National Laboratories was named as a defendant in this case. On July 7, 1999, the Court dismissed the Sandia defendants from this lawsuit [Doc. 52].

2