IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


WILLIAM H. PAYNE,

          Plaintiff,

   vs.                                         CIVIL NO.  99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

          Defendants.


## MEMORANDUM OPINION AND ORDER
## GRANTING DOE'S MOTION TO DISMISS

THIS MATTER is before the Court on the Department of Energy's Motion to Dismiss [Doc. 62].  Department of Energy ("DOE") seeks dismissal of the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  It represents that Sandia Corporation ("Sandia"), the contractor that operated Sandia National Laboratories ("Sandia") on behalf of DOE, terminated Plaintiff Willliam H. Payne ("Payne") in July 1992.  Payne's complaint alleges that Sandia released false and defaming personnel documents pertaining his termination to the U.S. Equal Employment Opportunity Commission ("EEOC") at the request of a Sandia employee who filed a grievance.  DOE contends that Sandia maintains personnel files, not DOE.  Thus, there was no release of information from any DOE system of records kept by a government agency as required by the Privacy Act, 5 U.S.C. § 552a(b).

## Analysis

In Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182 (10th Cir. 1998), *cert. denied*, 119 S. Ct. 593 (1998), the circuit court stated:

> The Privacy Act defines a record as "any item, collection, or grouping of information about an individual that is maintained by an agency . . . that contains his name, or the identifying number, symbol or other identifying particular assigned to the individual." 5 U.S.C. § 552a (a)(4). A "system of records" is defined as "a group of any records under the control of an agency from which information is retrieved by the name of the individual or by some identifying number, symbol or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

Id. at 1190.

Nothing in Payne's complaint asserts that DOE maintained a "record" or a "system of records" in accord with § 552a(d). See Wren v. Heckler, 744 F.2d 86, 89 (10th Cir. 1984). Nor does Payne's complaint state that DOE released information in violation of the Privacy Act. Rather, Payne's complaints are directed against Sandia and the EEOC. Thus, even accepting as true the well-pled allegations of Payne's complaint, he fails to state any cause of action against the DOE.

In response to the motion, Payne simply argues that DOE's assertion that personnel files were kept by the contractor, Sandia, and not the DOE, is "controverted and irrelevant." Apart from this denial, Payne fails to point to any portion of the complaint demonstrating that DOE maintained a "record" or "system of records" as contemplated by the Privacy Act, or, further, that DOE released information contained in a record or system of records in violation of the Privacy Act.

A review of the record demonstrates that, even accepting Payne's allegations as true, Payne fails to state a cause of action against DOE. Accordingly, DOE's motion to dismiss [Doc. 62] is granted.

_____
Lorenzo F. Garcia
United States Magistrate Judge