IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                   CIVIL NO. 99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# DISMISSING DOE AND EEOC
# INDIVIDUAL DEFENDANTS WITH PREJUDICE

THIS MATTER is before the Court on a Motion to Dismiss Individually Named DOE [U.S. Department of Energy] and EEOC [U.S. Equal Employment Opportunity Commission] Defendants [Doc. 64]. In this motion, Defendants seek dismissal of William H. Payne's ("Payne") lawsuit against individual officers and employees of both DOE and EEOC. This motion is filed by Defendants William B. Richardson, Sandra Schneider, Steve Dillingham, George Breznay, William Lewis, Gilbert Casallas, Charles Burtner, Larry J. Trujillo, Richard Trujillo, Thomas J. Schlageter, Nicholas M. Inzeo, A. Jacy Thurmond, Aletha L. Brown and Thomas Spellman, all of whom are executives, officers or employees of the aforementioned federal agencies. This motion mirrors one previously brought by other individual defendants [Doc. 21].

Defendants argue that Payne's complaint fails to state a claim entitling Payne to relief pursuant to Fed. R. Civ. P. 12(b)(6). Further, DOE and EEOC assert that the individual Defendants have not

been served with process as required by law. This Court previously ruled that the Privacy Act provides a cause of action for individuals against agencies of the United States government, 5 U.S.C. § 552(a)(b), but does not permit claims against individuals [Doc. 51]. Parks v. U.S. Internal Revenue Service, 618 F.2d 677, 684 (10th Cir. 1980)(individual officers or employees of an agency are not within the scope of the civil remedies provided by the Privacy Act). In Payne's response in opposition, he does not seek to distinguish Parks v. U.S. Internal Revenue Service nor does he cite any authority to the contrary. Indeed, Payne's argument is simply that Defendants' authorities are "irrelevant and controverted." Payne fails to provide the Court with any citation or legal authority in support of his position. As in the Court's analysis on the prior motion to dismiss because the Privacy Act does not afford a civil remedy against individuals (see Docket 51), the Court concludes that the motion to dismiss under 12(b)(6) should be granted.

Additionally, DOE and EEOC again seek dismissal of Payne's complaint by virtue of the fact that Payne has failed to properly serve the individually named Defendants and that more than 120 days have elapsed since the filing of the complaint. Payne neither sought nor obtained an extension of time within which to properly serve process.

In response to DOE and EEOC's claim that individuals have not been served, Payne simply argues that the Court has declined to authorize the United States Marshal to do Payne's work. This is not an in forma pauperis case, nor has Payne demonstrated the existence of any set of circumstances that would compel the Court to exercise its discretion to compel a United States Marshal to effect Payne's service of process. This is Payne's responsibility. Moreover, Payne fails to demonstrate that after the Court declined to authorize the United States Marshal to serve process, Payne sought to effect personal service of process by any other means.

The Court determines that the DOE and EEOC motion to dismiss for failure to serve is well-taken. While dismissal of a complaint for failure to properly serve would be dismissal without prejudice, by virtue of the Court's prior ruling that there exists no cause of action under the Privacy Act for lawsuits against individuals, as opposed to lawsuits against agencies, the Court concludes that the dismissal of Payne's claims against the individual Defendants should be with prejudice. Accordingly, the Court grants DOE and EEOC's motion to dismiss Payne's against the individually named DOE and EEOC Defendants, and further dismisses the Privacy Act claims with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge