IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                                          CIVIL NO. 99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the United States Equal Employment Opportunity Commission's ("EEOC") motion to dismiss for lack of jurisdiction. The motion was filed on September 9, 1999 [Doc. 68], and Plaintiff William H. Payne ("Payne") filed his response on September 17, 1999. No action was taken on this motion due to the pendency of Payne's appeal to the Tenth Circuit [Doc. 66]. The filing of a notice of appeal divests the District Court of jurisdiction over the issues on appeal. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 378-79, 105 S. Ct. 1327, 1331 (1985). On November 5, 1999, the Tenth Circuit dismissed Payne's appeal, thus, reinvesting the trial court will jurisdiction.[1] Thus, EEOC's motion to dismiss is now ripe for adjudication.

### Fed. R. Civ. P. 12(b)(6)

EEOC brings this action pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure afford litigants and courts a procedural device, that is, a motion to dismiss for failure to state a cause

---

[1] The Tenth Circuit Court of Appeals provided this Court with a copy of the November 5, 1999 order dismissing Payne's appeal. The order, however, has not yet been filed with the District Court Clerk.

of action, that can be used to expedite the disposition of litigation. A motion brought under this rule simply tests the legal sufficiency of a party's claim for relief. The Rule's purpose is to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157, 1160 (Fed. Cir. 1993); see Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 312 (3d Cir. 1999) (noting that Rule 16(b)(6) is designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly granted.) A claim may be dismissed under 12(b)(6) when the party asserts a legal theory that is not cognizable as a matter of law or because the party's complaint fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Calif., Inc., 88 F.3d 780 (9th Cir.1996).

In reviewing a motion under 12(b)(6), the Court presumes that well-pled allegations are true, resolves doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 810 (1994); Maez v. Mountain States Tel. & Tel., Inc., 54 F.3d 1488 (10th Cir. 1995).

Here, EEOC argues that even accepting Payne's relevant allegations as true, he fails to state a cognizable claim under the law.

**Background**

Payne contends that EEOC violated the Privacy Act, 5 U.S.C. § 552a, by disclosing documents that allegedly defamed him. (Payne's Complaint, pp. 1, 2, ¶ 1). Payne was employed at the Sandia National Laboratories, and in July 1992, was terminated. (Payne's Complaint, p. 3, ¶ 2. He responded to the termination by filing a wrongful discharge suit. (Payne's Complaint, p. 3, ¶ 2).

However, Sandia Laboratories prevailed in the litigation when Payne's complaint was summarily dismissed. (Payne's Complaint, p. 3, ¶ 2). The Tenth Circuit Court of Appeals affirmed the dismissal. (Payne's Complaint, p. 4).

At some time subsequent to Payne's dismissal, another Sandia employee, Richard W. Gallegos, filed a charge of age discrimination against Sandia with the EEOC's Phoenix District Office. (Payne's Complaint, pp. 4, 5). Gallegos' complaint was filed with the EEOC, the federal agency charged by Congress with the responsibility of investigating claims of unlawful employment discrimination. 42 U.S.C. § 2000e-5(b). Title VII of the Civil Rights Act provides in relevant part:

> When a charge is filed by or on behalf of a person claiming to be aggrieved . . . alleging that an employer . . . has engaged in an unlawful employment practice . . . the Commission [EEOC] . . . shall make an investigation thereof.

As part of EEOC's investigation into Gallegos' claims of disparate disciplinary treatment, it sought information from Sandia concerning discipline imposed on similarly situate employees. In response to EEOC's request for comparative data, Sandia provided information on disciplinary actions taken against other employees, including Payne. The information consisted in part of documents which Payne contends EEOC unlawfully disclosed. (Payne's Complaint, ¶ 2, Ex. "A 4 of 11"; Ex. "A 5 of 11"; and Ex. A 9 of 11").

The names of the employees were removed from the Sandia employment records and numbers substituted for the names of the individuals to whom they applied. Two of the three documents in question ["5 of 11" and "9 of 11"](see Payne's attachments to complaint) contain no reference to Payne at all and, instead, have only a numeric reference to the undisclosed employee. The third document [4 of 11] is a Sandia termination of employment notice. The typed name of the employee

3

has been removed and replaced with a numeric substitute. However, at the bottom of the document is an employee's signature line containing the signature of "W. H. Payne." Nowhere on the document did Sandia identify Payne by name, and typed references to his name or identify were "sanitized" and removed.

EEOC case files in discrimination cases are maintained in the Privacy Act system of records, and the handling of documents are governed by Commission regulations. See Equal Employment Opportunity Commission Privacy Act of 1974 ("PA"); Publication of Notices of Systems of Records and Proposed New Routine Uses, 59 Fed. Reg. 11056, 11057-58 (1994). Under these regulations, the individuals covered by EEOC's PA are "[p]ersons . . . who file charges or complaints with EEOC alleging that an employer . . . has violated the Age Discrimination in Employment Act of 1967 or the Equal Pay Act of 1963." 59 Fed. Reg. at 11057.

The records maintained by EEOC on charges of discrimination include "records gathered and generated by EEOC in the course of its investigation." They include:

> Witness statements, investigator's notes, investigative plan, report of initial and exit interview, investigator's analyses of evidence and charge, subpoenas, decisions and letters of determination, conciliation agreements, correspondence and any additional evidence gathered during the course of the investigation.

59 Fed. Reg. at 11057-58.

Sandia provided the requested documents to EEOC during the course of EEOC's investigation of Gallegos' claims of unlawful employment discrimination. In accord with the EEOC's regulations, id., the Commission would have maintained Sandia's submitted comparative evidence disclosing Sandia's treatment of other similar situate employees. This is the type of information that is routinely collected by EEOC during the course of its investigation and placed in its files. There is

no dispute that these documents are properly gathered by EEOC and included in EEOC's case files as part of Mr. Gallegos' charge of discrimination and the EEOC's subsequent investigation of that charge. Subsequently, in preparation for his own proposed lawsuit, Gallegos contacted the EEOC and sought copies of his own records and documents relating to his charge of discrimination.

EEOC maintained Gallegos' record, which included, among other things, Sandia's response to the Gallegos' charge and the records obtained during the EEOC investigation. These documents were kept in a system of records indexed by Gallegos' name, Sandia's name or the charge number. The records in Gallegos' file could not be retrieved under any other name. Indeed, EEOC PA system notice provides that EEOC-1 records are "cross-indexed by charging party name, employer name and charge number" and "may be retrieved by any of the above three indexes." 59 Fed. Reg. at 11058.

In its motion for summary judgment, EEOC states that its records are "[n]ot indexed, and no records are therefore retrievable by names of third parties that may appear in the file." The records are neither indexed nor retrievable by William H. Payne's name.

When a charging party requests disclosure of his investigative file, nothing in the Commissions EEOC-1 Rec. Privacy Act system prohibits disclosure of the records to that charging party. Indeed, "[w]hen the individual to whom the information pertains is also the individual requesting the information, the PA presumes that disclosure to that individual will occur." Wren v. Harris, 675 F.2d 1144, 1146 (10th Cir. 1982)(citing 5 U.S.C. § 552a(d)(1)). Thus, EEOC's disclosure of documents to Gallegos, which contained Payne's signature on one page, is consistent with the presumption under the PA. Id.

Subsequent to Gallegos' receipt of his own charge of discrimination and documents collected by EEOC during the course of its investigation, Gallegos notified Payne that he had documents

5

relating to Payne's firing. (Payne's Complaint, pp. 4, 5). Thereafter, Gallegos provided the documents to an associate, Arthur Morales, who, in turn, provided them to Payne. (Payne's Complaint, p. 5). It is undisputed that Payne himself "posted" these documents on various Internet web sites (Payne's Complaint, p. 5). Payne's complaint reference is http://www.geocities.com//capitolhill/congress/8327/robles.htm.

### Analysis

The Privacy Act of 1974, 5 U.S.C. § 552a controls the government's collection and dissemination and maintenance of its records. Gowan v. U.S. Dept. of Air Force, 148 F.3d 1182, 1187 (10th Cir. 1998). The PA provides that individuals may request access to records kept on them, and may request that the agency correct erroneous records or, alternatively, allows the individual to attach a statement of disagreement to the record if the agency maintaining the record declines to correct it. 5 U.S.C. § 552a(d). The PA prohibits disclosure "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." 5 U.S.C. § 552a(b).[2] However, the PA is not applicable to any and all records, but only to "records" kept in a "system of records." § 552a(d); Gowan v. U.S. Dept. of Air Force; Wren v. Heckler, 744 F.2d 86, 89 (10th Cir. 1984).

In discussing this requirement, the Tenth Circuit stated:

> The PA defines a record as "any item, collection, or grouping of information about an individual that is maintained by an agency . . . that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(4). A "system of records" is defined as "a group of any

---

[2] EEOC charge files are exempt from the provisions of the Privacy Act, 5 U.S.C. Sections 552a(d)(1), 552a(k), see also 29 C.F.R. Section 1611.13. However, the EEOC discloses charge files to requesting charging parties such as Mr. Gallegos.

6

> records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

Gowan at 1190.

The documents maintained by EEOC on the Gallegos charge are neither maintained nor retrievable by Payne's name. Thus, Payne's name is not contained in a "system of records" since the challenged documents are neither maintained nor indexed by Payne's name, nor can they be retrieved by Payne's name, the PA is simply not applicable. In Wren 744 F.2d at 90, and Gowan, 148 F.3d at 1191, the Tenth Circuit made clear that the PA does not apply to a document that is not in a system of records personally identifiable to, and retrievable by the name of the individual who seeks to invoke the Act's protection.

The fact that Payne's signature appears on a Sandia document which was provided to the EEOC, and subsequently released to the party who filed the charge of discrimination, is of no consequence. Nothing in the PA protects against this kind of disclosure. Indeed, in Volker v. Internal Revenue Service, 646 F.2d 332 (8th Cir. 1981), the court stated, "If Congress had intended to shield from disclosure information in one person's record that pertains to another person, it could have and presumably would have added an exemption" to §§ 552a(j) and 552a(k), the exemption provisions of the PA. Similarly, in Crumpton v. United States, 843 F. Supp. 751, 756 (D. D. C. 1994), the court held that the PA did not prohibit the release of personal information about a third party contained in another person's record that was disclosed in response to a Freedom of Information request for the record, because the information was contained in a system of records not retrievable by the third party's name.

Such is the case here. The mere fact that Payne's signature appears on a document that ultimately was released to Gallegos does not elevate this claim to a violation of law. Because the Court concludes that Payne's complaint is not covered by the PA, it need not consider whether Payne suffered any adverse effect as a result of the disclosure of the document to Gallegos or whether Payne has any basis to seek an amendment of the Sandia document. Those protections are authorized under the PA, which the Court concludes is inapplicable to Payne's complaint.

In sum, even accepting as true those portions of the complaint which purport to state the basis for Payne's lawsuit, the Court concludes that Payne did not and, indeed, cannot state a claim under the PA. Thus, there is no jurisdiction to consider Payne's claims and his Privacy Act charges are dismissed with prejudice.

This case was in federal court by virtue of Payne's assertion of a violation of a federal right. With the dismissal of his PA claim, there no longer remains any basis for federal jurisdiction. To the extent Payne asserts any other cognizable common law claim, the Court declines to assert pendent jurisdiction, and therefore those claims, too, are dismissed. 28 U.S.C. § 1367(c)(3); Bateman v. City of Bountiful, 89 F.3d 704, 709 n.5 (10th Cir. 1996).

                                             */s/ Lorenzo F. Garcia*
                                             Lorenzo F. Garcia
                                             United States Magistrate Judge

PLAINTIFF:
William H. Payne, pro se

ATTORNEYS FOR DEFENDANTS:
Phyllis A. Dow, Esq., USA
Susan E. Murphy, EEOC
Jake J. Chavez, DOE
Carol Lisa Smith, Esq.
John A. Bannerman, Esq.