IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. PAYNE,

        Plaintiff,

vs.                                    CIVIL NO.   99-270 LFG/KBM

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION
## TO CORRECT AND DENYING MOTION FOR RELIEF

THIS MATTER is before the Court on Plaintiff William H. Payne's ("Payne") Motion to Correct Order Denying Motion for Relief Filed December 21, 1999 14:11 [Doc. 116]. In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. 471 *et seq.*, no response is necessary.

Payne brings his motion pursuant to Fed. R. Civ. P. 60. Under this rule, in the exercise of the Court's sound discretion, the Court may grant a motion for relief from a final judgment, order or proceeding for various enumerated reasons. Relief may be granted under Rule 60 where a judgment or order is void because the court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties, acted in some manner inconsistent with constitutional due process, or otherwise acted beyond the powers granted to it by law. United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999); Eberhardt v. Integrated Design and Const, Inc., 167 F.3d 861, 871 (4th Cir. 1999).

Here, Payne argues that the Court's orders, judgments and rulings, subsequent to June 8, 1999, are void. Payne's argument is premised on his belief that the undersigned judge was disqualified from this case on the date that Payne filed an affidavit for disqualification [Doc. 34].

## Analysis

On June 8, 1999, Payne sought to disqualify the undersigned judge from handling this case. He relies on 28 U.S.C. § 144, but apparently believes that the filing of the affidavit serves as an automatic disqualification of a judge. This is not the case. The statute providing for disqualification of a judge for bias or prejudice does not command automatic disqualification. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

When an affidavit to disqualify a judge is filed, the judge who is sought to be disqualified must first pass on the sufficiency of the affidavit, compliance with the statute, and timeliness of the filing. Hall v. Burkett. Here, Payne's affidavit was insufficient for a number of reasons. First, it was untimely. The Complaint was filed on March 12, 1999 [Doc. 1] and Payne's affidavit was not filed until June 8, 1999. The statute provides that the affidavit is to be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shown for failure to file it within such time." 28 U.S.C. § 144. Although formal terms of court have been abolished, and the literal ten-day requirement no longer applies, the courts nevertheless require a party to exercise reasonable diligence in filing an affidavit. Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654 (5th Cir. 1985); In re Bokum Resources Corp., 26 B.R. 615, 620 (D.N.M. 1982). Payne failed to file within a reasonable time, and failed to demonstrate any good cause for a tardy filing. An affidavit to disqualify a judge may not be filed after a litigant has "tested the judicial waters" by unsuccessfully seeking discretionary relief. Moreover, this is not a situation where a party did not

2

know that a case was assigned to a particular judge. Indeed, Payne specifically consented to having the undersigned judge hear the case [Doc. 4]. Thus, it is apparent that the claimed bias comes only as a result of Payne's dissatisfaction with the Court's rulings. Adverse rulings do not constitute legal grounds for disqualification. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

Second, prior to filing the affidavit for disqualification, Payne was unsuccessful in his attempts to obtain the following relief: (a) motion to strike [Doc. 7]; (b) motion to serve [Doc. 10]; (c) motion to accept discovery plan [Doc. 11]; (d) motion for reconsideration [Doc. 15]; (e) motion for reconsideration [Doc. 30]; (f) motion for reconsideration [Doc. 31]; (g) motion for reconsideration [Doc. 32]; and (h) motion for reconsideration [Doc. 33]. Each request was denied by the Court. Subsequently, Payne filed his affidavit for disqualification. A party may not invoke the court's discretion by asking for affirmative relief, and thereafter seek to disqualify the judge when the requested relief is denied.

Third, Payne's affidavit was not authorized by 28 U.S.C. § 144 in that his June 8, 1999 affidavit was his second attempt to disqualify a judge. The statute provides, "A party may file only one such affidavit in any case." 28 U.S.C. § 144. Here, on March 28, 1999, Payne filed an affidavit seeking to disqualify the Honorable Don J. Svet [Doc. 2]. The filing of one affidavit precludes Payne from seeking to disqualify another judge. 28 U.S.C. § 144.

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory reason, there is an equally compelling duty for a judge to hear and to decide a case when no constitutional or statutory reason has been provided that would compel recusal. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Because the Court concluded that Payne failed to either present a constitutional or statutory basis that would compel his recusal, orders declining to withdraw from

3

the case were entered [Docs. 26, 35, 42, 90 and 91].

Nothing new is presented in Payne's present motion to correct. Moreover, this recent motion constitutes a frivolous filing in that the requested relief has been previously sought and denied. While Payne is privileged to seek appellate review of the rulings in this case, he may not repeatedly ask the Court to reconsider issues which have been ruled upon.

Payne's motion to correct order denying motion for relief is denied.

                                               _/s/ Lorenzo F. Garcia_
                                               Lorenzo F. Garcia
                                               United States Magistrate Judge